ES–TEE REALTY CO., LLC,
Plaintiff–Appellant,

v.

Sina SOUMEKHIAN, and Steven
Mazer, Defendants–Third–Party–
Plaintiffs–Appellees,

Israel Weinstock, Joseph Rosenhouse,
Third–Party–Defendants.

No. 06–5221–cv.

United States Court of Appeals,
Second Circuit.

June 19, 2008.

David J. Wolkenstein, Lauterbach Garfinkel Damast & Hollander, LLP, New York, NY, for Appellant.

David Felsen, Greenberg Felsen & Sargent, LLC, Rockville, MD, for Appellees.

Present: AMALYA L. KEARSE, ROSEMARY S. POOLER, Circuit Judges, DENISE COTE,* District Judge.

## SUMMARY ORDER

This is an appeal from an opinion and order of the Honorable Carol Amon entered September 29, 2006, rendered after a bench trial, finding in favor of Defendants–Appellees, and denying the Plaintiff's claim to enforce two separate guarantees of payment of a loan made to a non-party, Capri Bagel & Pizza Corporation ("Capri"). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

As a threshold matter, we review a district court's determination of jurisdiction *de novo.* *Merrill Lynch & Co. v. Alleghe-ny Energy, Inc.,* 500 F.3d 171, 178 (2d Cir.2007). Given that Es–Tee Realty Company is a Limited Liability Company organized under the laws of the State of New York, and that its sole member, Israel Weinstock, was a citizen of New York, we find that the district court properly had

---

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because of diversity of citizenship of the parties and because the claim exceeded $75,000 exclusive of interest and costs. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,* 213 F.3d 48, 51–52 (2d Cir.2000). We further find that even if the third-party-defendant Joseph Rosenhouse was a necessary party under Federal Rule of Civil Procedure 19(a), he was not an indispensable party under Federal Rule of Civil Procedure 19(b), and thus the district court properly had subject matter jurisdiction. *See Viacom Int'l, Inc. v. Kearney,* 212 F.3d 721, 724–725 (2d Cir.2000).

"Following a bench trial, we review the trial court's factual findings for clear error ... while its resolution[s] of legal questions ... are subject to *de novo* review." *Merrill Lynch & Co. v. Allegheny Energy, Inc.,* 500 F.3d at 178. The primary issue on appeal is whether the trial court erred in determining that the plaintiff did not prove its prima facie case, because it did not prove that a debt existed between Capri and the third-party-defendant Weinstock, and thus did not prove that there was an enforceable guaranty. "For a plaintiff to establish a *prima facie* case that it is entitled to recover on a guarantee under New York law, it must show: (1) that it is owed a debt from a third party; (2) that the defendant made a guarantee of payment of the debt; and (3) that the debt has not been paid by either the third party or the defendant." *Chemical Bank v. Haseotes,* 13 F.3d 569, 573 (2d Cir.1994). The only real dispute before us is whether an actual debt was proven from a third party, that is, whether a loan was actually made from Weinstock to Capri. The district court concluded that plaintiff failed to provide persuasive evidence that this loan existed. We agree with the district court.

The district court based this determination, in part, on its conclusion that "Weinstock's concession of ... fraudulent conduct, together with his dubious demeanor on the stand, leads this court to conclude that Weinstock's testimony, where it conflicts with that of the Defendants, is less than credible." We give substantial deference to a district court's credibility determinations in this context. "Assessments of the credibility of witnesses are peculiarly within the province of the trier of fact and are entitled to considerable deference. When a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error. And where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. The fact that there may have been evidence to support an inference contrary to that drawn by the trier of fact does not mean that the findings were clearly erroneous. The weight of the evidence is an argument to be made to the factfinder at trial, not a ground for reversal on appeal." *Joseph v. New York City Bd. of Educ.,* 171 F.3d 87, 93 (2d Cir.1999) (internal quotation marks and citations omitted).

We have searched the record, and considered plaintiff's arguments, and find no error in the district court's determination that "Weinstock's failure to obtain the security agreement contemplated in the Agreement, or to obtain a written or oral commitment from Capri to repay the alleged $250,000 loan, suggests that the contributions he made after the shareholder meeting were equity investments and not loans." Furthermore, we have considered the remainder of plaintiff's arguments and find them to be without merit.

We, therefore, affirm the judgment of the District Court.